FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2025 JUN 27 P 1: 12

SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION**

Pamela Young,

Plaintiff,

v.

Uniformed Concrete, LLC,

Defendant.

Civil Action No. _____

CV 425-155

**COMPLAINT
JURY TRIAL DEMANDED.**

Plaintiff Pamela Young ("Plaintiff"), for her Complaint against Defendant Uniformed Concrete, LLC ("Defendant"), alleges as follows:

## PARTIES

1. Plaintiff Pamela Young is an adult resident of Chatham County, Georgia, residing at 301 Noble Oaks Dr., Apt. 408, Savannah, GA 31406. Plaintiff is a woman and a member of a protected class under Title VII of the Civil Rights Act of 1964.

2. Defendant Uniformed Concrete, LLC is a limited liability company operating a business in Garden City, Georgia. At all times relevant, Defendant employed more than 20 employees and was subject to the anti-discrimination provisions of Title VII.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and Defendant is located and conducts business in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), designated as Charge No. 415-2024-01489.

6. On or about April 1, 2025, the EEOC issued a Dismissal and Notice of Rights, giving Plaintiff the right to file suit within 90 days. This action is filed timely and within the statutory limitation period.

## FACTUAL ALLEGATIONS

7. On or around December 2023, Plaintiff applied for a truck driving position with Defendant.

8. On or about January 3, 2024, Plaintiff interviewed with Defendant's General Manager, Joseph Uccardi.

9. Plaintiff was offered a position with a tentative start date of January 18, 2024, later delayed due to health and personal matters.

10. Plaintiff began pre-employment onboarding on January 22, 2024, including completion of paperwork, background checks, and submission to a drug screening.

11. During this onboarding period, Plaintiff was assigned to ride along and train with Don Smith, a lead driver employed by Defendant.

12. Mr. Smith engaged in repeated inappropriate sexual conduct, including sexually explicit comments, suggestions of a romantic and sexual nature, and unwelcome advances.

13. Examples of Mr. Smith's conduct include, but are not limited to: a. Telling Plaintiff she would be "a good f***" because of her personality. b. Discussing his sexual preferences and stating Plaintiff was his "type." c. Proposing Plaintiff live with him and be his girlfriend in exchange for financial support. d. Suggesting Plaintiff move in and replace his current girlfriend.

14. Plaintiff explicitly declined these advances and expressed her discomfort.

15. On January 29, 2024, Plaintiff reported the harassment to Mr. Uccardi and requested that action be taken.

16. Despite this report, no investigation or corrective measures were taken.

17. Plaintiff was not compensated for her work or training time, nor was she officially placed on payroll despite fulfilling job-related duties.

18. Defendant subsequently denied that Plaintiff was an employee, despite records showing job offers, communications, drug screening, and training assignments.

19. Plaintiff was constructively discharged as a result of the unaddressed harassment and hostile work environment.

20. Defendant's failure to act created a retaliatory environment and furthered the emotional and financial harm suffered by Plaintiff.

## CLAIMS FOR RELIEF

### COUNT I: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20.

22. Defendant subjected Plaintiff to unwelcome sexual conduct through the actions of Don Smith, creating a hostile and offensive work environment.

23. The harassment was sufficiently severe and pervasive to affect the terms and conditions of Plaintiff's potential employment.

24. Defendant knew or should have known of the harassment and failed to take appropriate remedial action.

25. As a direct result, Plaintiff suffered emotional distress, loss of income, and other damages.

### COUNT II: RETALIATION IN VIOLATION OF TITLE VII

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25.

27. Plaintiff engaged in protected activity by reporting the harassment.

28. Defendant retaliated against Plaintiff by failing to place her on payroll, failing to investigate her complaint, and failing to provide the opportunity to continue employment.

29. Plaintiff's constructive discharge and uncompensated labor resulted directly from Defendant's retaliatory acts.

## DAMAGES

30. Plaintiff seeks the following relief: a. Back pay for unpaid wages for hours worked/trained (~$27/hour, ~37 hours); b. Front pay for the period until alternate employment was found (February to April 2025); c. Compensatory damages for pain, suffering, emotional distress, and humiliation; d. Punitive damages to punish and deter similar conduct; e. Attorneys' fees and costs as permitted by statute; f. Pre-judgment and post-judgment interest; g. Any other and further relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this _27_ day of _July_, 2025.

Pamela Young   *Pamela L. Young.*

**301 Noble Oaks Dr., Apt. 408**

**Savannah, GA 31406**

**(912) 250-9566**

**pyoung681@outlook.com**

**youngpamela203@gmail.com**

**Pro Se Plaintiff**