# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | |
|---|---|
| PAMELA YOUNG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNIFORMED CONCRETE, LLC,<br><br>　　　　Defendant. | 4:25-cv-155 |
| PAMELA YOUNG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNIFORMED CONCRETE, LLC,<br><br>　　　　Defendant. | 4:25-cv-179 |

### ORDER

Plaintiff filed Complaints in the above-captioned cases.[1] After review, Plaintiff's allegations in her Complaints are related to each other. Thus, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Numbers 4:25-cv-155 and 4:25-cv-179 upon the record and docket of Civil Action Number 4:25-cv-155; **CONSOLIDATE** Civil Action Numbers 4:25-cv-155 and 4:25-cv-179; and **CLOSE** Civil Action Number 4:25-cv-179 and

---

[1] Plaintiff filed Case No. 4:25-cv-179 in the Superior Court of Chatham County, Georgia, but the matter was removed to federal court.

enter the appropriate judgment of dismissal in Civil Action Number 4:25-cv-179.

## DISCUSSION

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (explaining courts can sua sponte consolidate cases under Rule 42(a)). In exercising this discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not

consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

A review of Plaintiff's two Complaints reveals both Complaints involve Plaintiff's attempts to apply for a job as a concrete driver at Defendant's company. The resolution of the allegations in all Complaints will require application of common factual and legal questions. In light of the facts presented and the factors set forth in Hendrix, the Complaints in these two causes of action should be considered together to ensure consistent rulings.

## CONCLUSION

For the above-stated reasons, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Numbers 4:25-cv-155 and 4:25-cv-179 upon the record and docket of Civil Action Number 4:25-cv-155; **CONSOLIDATE** Civil Action Numbers 4:25-cv-155 and 4:25-cv-179; and **CLOSE** Civil Action Number 4:25-cv-179 and enter the appropriate judgment of dismissal in Civil Action Number 4:25-cv-179.

**SO ORDERED**, this 27 day of August, 2025.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA